**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

COMPUTING TECHNOLOGIES, INC.
3028 Javier Road, Suite 400
Fairfax, Virginia 22031,
       *Plaintiff*,

v.   Civil Action No. _____

WALKER & COMPANY L.L.P.
4200 Wisconsin Avenue, NW
Suite 300
Washington, District of Columbia 22016,
       *Defendant*.

## COMPLAINT

1. COmputing TechnologieS, Inc., by counsel, files this action against Walker & Company L.L.P. and in support of its Complaint alleges the following:

### PARTIES

2. COmputing TechnologieS, Inc. ("CoTs") is an information technology solutions and service provider incorporated under the laws of Virginia with its principal place of business in Virginia.

3. Walker & Company L.L.P. ("Walker") is a financial and business advisory consulting firm organized under the laws of the District of Columbia. The partners of Walker are Ronald P. Walker, a resident of the District of Columbia, and Roy G. Lane, a resident of Maryland.

**JURISDICTION**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that the matter is between citizens of different states and the amount in controversy exceeds $75,000.

5. This Court has personal jurisdiction over Walker pursuant to D.C. Code §§ 13-422 and 13-423(a), because: (a) Walker is a limited liability partnership organized under the laws of the District of Columbia with its principal place of business in the District of Columbia; and (b) this action arises from a promissory note that Walker entered into with CoTs in the District of Columbia.

6. Venue is proper under 28 U.S.C. § 1391(b)(2), in that the promissory note at issue was entered into in the District of Columbia and is governed by and construed in accordance with the laws of the District of Columbia.

**NATURE OF THE CASE**

7. On or about November 1, 2011, Walker executed a promissory note ("Note") with CoTs pursuant to which Walker agreed to pay CoTs the principal sum of Four Hundred Eighty-One Thousand Two Hundred Eighteen and 96/100 Dollars ($481,218.96), together with interest at a rate of five percent (5%) per annum. A true and correct copy of the Note is attached as Exhibit A.

8. On or about November 1, 2011, Walker and CoTs also entered into a Sublease Agreement, pursuant to which Walker, as Sublandlord, agreed to sublease a portion of its premises ("Subleased Premises") in the District of Columbia to CoTs as Subtenant. The Subleased Premises consists of a portion of the fifth floor of a building located at 5101


Wisconsin Avenue, N.W., Washington, D.C. A true and correct copy of the Sublease Agreement is attached as <u>Exhibit B</u>.

9. Pursuant to the Sublease Agreement, Walker agreed to sublease the Subleased Premises to CoTs beginning November 1, 2011 and continuing through July 31, 2013 ("First Lease Year Term").

10. Pursuant to the Sublease Agreement, CoTs had an option to extend the sublease of the Subleased Premises for a second year running from August 1, 2013 to July 31, 2014 ("Second Lease Year Term").

11. To exercise the optional Second Lease Year Term, CoTs was to provide written notice of its intention to extend the sublease to Walker no less than 90 calendar days prior to the end of the First Lease Year Term.

12. The monthly base rent (the "Monthly Base Rent") for the Subleased Premises for the First Lease Year Term was $5,632.33.

13. Pursuant to the Note, Walker agreed to pay to CoTs $10,000 per month beginning on November 1, 2011 and continuing through December 31, 2012, as offset by the Monthly Base Rent owed by CoTs to Walker under the Sublease Agreement.

14. Pursuant to the Note, when the payment owed by Walker to CoTs under the terms of the Note exceeds the Monthly Base Rent owed by CoTs to Walker under the terms of the Sublease Agreement, no rent is due from CoTs and Walker must pay CoTs the difference between the payment owed by Walker under the Note and the Monthly Base Rent.

15. Thus, beginning on November 1, 2011 and continuing through December 31, 2012, Walker was to pay CoTs the sum of $4,367.67 per month, which represents the difference

between the $10,000 payment owed by Walker to CoTs and the Monthly Base Rent of $5,632.33 owed by CoTs to Walker.

16. From November 1, 2011 through December 31, 2012, Walker made the monthly payments of $4,367.67 due to CoTs under the Note.

17. Pursuant to the Note, beginning on January 1, 2013 and continuing through July 1, 2014, Walker agreed to pay CoTs $20,000 per month, as offset by the amount of Monthly Base Rent, if any, owed by CoTs under the Sublease Agreement.

18. Thus, beginning on January 1, 2013 and continuing through the end of the First Lease Year Term on July 31, 2013, Walker was to pay CoTs $14,367.67 per month, which represents the difference between the $20,000 payment owed by Walker to CoTs and the Monthly Base Rent of $5,632.33 owed by CoTs to Walker.

19. Despite the increased payment due to CoTs beginning on January 1, 2013, Walker continued only to make monthly payments of $4,367.67 from January through April 2013.

20. On March 5, 2013, CoTs sent Walker a Deficient Payment Notice. A true and correct copy of the Deficient Payment Notice is attached as Exhibit C.

21. In the Deficient Payment Notice, CoTs notified Walker that it was in arrears $10,000 for each of the monthly payments in January 2013, February 2013, and March 2013, for a total of $30,000 under the Note. *See* Exhibit C.

22. Pursuant to the Note, CoTs also informed Walker that it was assessing Walker a two percent (2%) late charge of $200 on each of the January 2013, February 2013, and March 2013 Note payments, and that the late fees were due with the April 1, 2013 payment. *See* Exhibits A and C.

23. On March 5, 2013, CoTs also sent Walker a Notice of Non-Renewal of the Sublease Agreement ("Notice of Non-Renewal") advising Walker that the Sublease would terminate on July 31, 2013. A true and correct copy of the Notice of Non-Renewal is attached as <u>Exhibit D</u>.

24. On April 5, 2013, Walker made a payment of $4,367.67 to CoTs.

25. On April 16, 2013, CoTs sent Walker a Notice of Default. A true and correct copy of the Notice of Default is attached as <u>Exhibit E</u>.

26. In the Notice of Default, CoTs informed Walker that it was in default of the Note due to the failure to pay the full amount of the payments for January through April 2013. CoTs also declared the entire unpaid balance of the Note and all accrued interest to be immediately due and payable in the amount of Three Hundred Thirty-Two Thousand Ninety-Eight and 57/100 Dollars ($332,098.57). *See* <u>Exhibit E</u>.

27. CoTs informed Walker that if the entire unpaid balance on the Note and all accrued interest was not paid in full within ten (10) days from the date of the Notice of Default, CoTs would pursue all available rights and remedies under the Note and available in equity or at law. CoTs also asserted its right to seek its costs and expenses incurred in collecting on the Note, including reasonable attorney's fees. *See* <u>Exhibit E.</u>

28. Walker failed to cure its default.

29. Walker has not made any further payments on the Note since its April 2013 payment.

<div style="text-align:center">

**COUNT I**
**(BREACH OF CONTRACT)**

</div>

30. CoTs incorporates by reference and re-alleges each and every allegation set forth in Paragraphs 1 through 29, as if fully stated herein.

31. Walker and CoTs entered into a Promissory Note, pursuant to which Walker agreed to pay CoTs the principal sum of Four Hundred Eighty-One Thousand Two Hundred Eighteen and 96/100 Dollars ($481,218.96), together with interest on the amount thereof outstanding from time to time at the rate of five percent (5%) per annum.  *See* Exhibit A.

32. Under the Note, Walker had an obligation to pay CoTs $20,000 per month beginning on January 1, 2013, as offset by the amount of Monthly Base Rent, if any, owed by CoTs under the Sublease Agreement.  *See* Exhibits A and B.

33. CoTs owed Walker Monthly Base Rent in the amount of $5,632.33 beginning on November 1, 2011 and continuing through July 2013.

34. Thus, beginning on January 1, 2013 and continuing through July 2013, Walker agreed to pay CoTs $14,367.67 per month, which represents the difference between the $20,000 payment owed by Walker to CoTs and the Monthly Base Rent of $5,632.33 owed by CoTs to Walker.

35. For each of the months from January 2013 through April 2013, Walker made payments to CoTs in the amount of $4,367.67.

36. Walker failed to make payments for May and June 2013.

37. Walker materially breached the Note by failing to pay CoTs the amount of $14,367.67 per month beginning on January 1, 2013 and continuing thereafter.

38. Walker further breached the Note by failing to pay the entire unpaid principal balance of the Note and all accrued interest when CoTs declared it immediately due and payable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Computing TechnologieS, Inc. demands judgment against Walker & Company, L.L.P. as follows:

    a.    On Count I for actual damages in an amount to be proven at trial, but no less than $332,098.57;

    b.    The costs, attorneys' fees, and expenses associated with this action;

    c.    For prejudgment and post-judgment interest at the maximum rate allowable by law for Count I; and

    d.    For such other relief as this Court deems just and proper.

Dated: June 12, 2013

Respectfully submitted,

COMPUTING TECHNOLOGIES, INC.

   /s/ Courtney S. Schorr
M. Melissa Glassman
D.C. Bar No. 417074
Courtney S. Schorr
D.C. Bar No. 488366
McGuireWoods LLP
1750 Tysons Boulevard, Suite 1800
Tysons Corner, Virginia 22102
Telephone: 703-712-5000
Facsimile: 703-712-5050
E-mail: mglassman@mcguirewoods.com
E-mail: cschorr@mcguirewoods.com

*Counsel for COmputing TechnologieS, Inc.*